# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re:

Steven R. Calitri                           Chapter 13
SSN:xxx-xx-5740                             Case#:09-17943-JNF

**Debtor(s)**

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a First Amended Chapter 13 Plan (the "Plan") on October 14, 2009. The Debtor(s) filed a Certificate of Service on October 14, 2009 reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 44 months.

2. The Debtor(s) shall pay to the Chapter 13 Trustee the sum of $317.00 per month commencing October 1, 2009 which payments shall continue through the completion of the Plan and shall be made on the 1st day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: Carolyn A. Bankowski, Chapter 13 Trustee, P.O. Box 1131, Memphis, TN 38101-1131.

3. The effective date of confirmation of the Plan is October 1, 2009. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the debtor(s) only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court. The debtor shall be responsible for preserving and protecting property of the estate.

Dated: April 27, 2010

_____
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Steven R. Calitri         Chapter 13
SSN:xxx-xx-5740           Case#:09-17943-JNF

Debtor(s)

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

1. **Modified Secured Claims**

The secured claim of Universal Mortgage is modified as follows: the first mortgage to Universal Mortgage is crammed down to $255,000.00, the value of the property located at 48-50 North Leydon Avenue, Brockton, MA. The balance of the claim is unsecured. The Debtor shall continue to make regular mortgage payments in the amount of $2,916.07 until the principal amount of $255,000.00 is paid in full at which time Universal Mortgage shall issue a discharge.

2. **Unmodified Secured Claims**

None

3. **Administrative Claims**

Norman Novinsky, Esq. will be paid $2,000.00 over 12 months.

4. **Priority Claims**

| | | | |
|---|---|---|---|
| IRS | $8,342.94 | Federal Tax | 44 Months |
| MDOR | $2,216.00 | State Tax | 44 Months |

5. **Unsecured Claims**

The holders of unsecured claims totaling $178,511.21 shall receive a dividend of no less than 0%. This amount includes the unsecured claim arising after cramdown of Universal Mortgage in the amount of $85,000.00.

6. **Other Pertinent Provisions**

None